UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Terence Crawley

   v.                               Civil No. 23-cv-262-SE

Warden, FCI Berlin

**REPORT AND RECOMMENDATION**

Petitioner, Terence Crawley, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 while incarcerated at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin"), to challenge the respondent's decision that he is ineligible to earn any time credits under the First Step Act ("FSA") because of his 18 U.S.C. § 924(c) conviction. The petition is before this court for preliminary review. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); LR 4.3(d)(4)(A); see also § 2254 Rule 1(b) (§ 2254 Rules may apply to § 2241 petitions).

**§ 2254 Rule 4 Standard**

Pursuant to § 2254 Rule 4, a federal judge must screen § 2241 petitions and, if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Id.; see also 28 U.S.C. § 2243; McFarland v. Scott, 512 U.S. 849, 856 (1994) (courts "are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The court, in this

context, may consider the records of prior judicial proceedings, to the extent that those proceedings have relevance to the matters before the court and are the proper subject of judicial notice. See Rezk v. New Hampshire, No. 18-cv-1247-PB, 2019 U.S. Dist. LEXIS 192851, at *2 n.1, 2019 WL 5790015, at *1 n.1 (D.N.H. Sept. 26, 2019), R&R approved, 2019 U.S. Dist. LEXIS 192495, 2019 WL 5789365 (D.N.H. Nov. 6, 2019); see also Sanders v. Radtke, 48 F.4th 502, 510 (7th Cir. 2022) (taking judicial notice of state court docket in reviewing dismissal of petition under § 2254 Rule 4); Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand."). In conducting its § 2254 Rule 4 review, the court construes pro se filings liberally. See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

## Background

On September 26, 2011, Mr. Crawley was convicted in the Eastern District of Tennessee of armed bank robbery, aiding and abetting, in violation of 18 U.S.C. §§ 2 & 2113, and using, carrying and brandishing a firearm during and in relation to a crime of violence (the armed bank robbery), also under an aiding and abetting theory, in violation of 18 U.S.C. §§ 2 & 924(c)(1)(A)(ii). See Sept. 26, 2011 Jt., United States v. Crawley, No. 1:10-cr-0005 (E.D. Tenn. Sept. 26, 2011) (ECF No. 129). He was sentenced to a term of 272

2

months imprisonment (in the aggregate) consisting of 188 months on the armed bank robbery charge and 84 months on the firearms charge, to be served consecutively, followed by 5 years of supervised release. Id. Sentences for § 924(c) convictions must be served consecutively to any other sentence imposed at the same time. See 18 U.S.C. § 924(c)(1)(D)(ii). Mr. Crawley's conviction and sentence were affirmed on direct appeal. See United States v. Crawley, 526 F. App'x 551 (6th Cir. 2013). The BOP Online Inmate Locator lists Mr. Crawley's projected date of release, based on good conduct time, to be September 21, 2029.

## Discussion

The FSA permits eligible federal prisoners to earn sentence credits, shortening the time that they will serve in BOP facilities, by participating in certain types of vocational activities and rehabilitation programming. See generally 18 U.S.C. § 3632(d)(4). But prisoners convicted of certain offenses are not eligible. The portion of the FSA listing the offenses that disqualify a prisoner from earning FSA time credits is 18 U.S.C. § 3632(d)(4)(D), which provides, in pertinent part:

> (D) **Ineligible Prisoners**. A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law:
>
> > . . . .
>
> > (xxii) Section 924(c) [18 U.S.C. § 924(c)], relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime.

3

. . . .

Id. § 3632(d)(4)(D)(xxii). The relevant BOP regulations state that "[i]f the inmate is serving a term of imprisonment for an offense specified in 18 U.S.C. § 3632(d)(4)(D), the inmate is not eligible to earn FSA Time Credits." 28 C.F.R. § 523.41(d)(2).

The Federal Bureau of Prisons ("BOP") deems Mr. Crawley to be ineligible to earn or apply any time credits to his sentence under the FSA because of his § 924(c) conviction. Petitioner maintains, however, that he is still serving the initial part of his sentence of imprisonment, specifically, the term imposed for his armed bank robbery conviction, and that he has not yet begun to serve the consecutive term imposed for his § 924(c) conviction. According to Mr. Crawley's calculations, until the § 924(c) portion of his sentence begins (which Mr. Crawley estimates would be no sooner than next year), he should be eligible to earn FSA time credits.

Mr. Crawley's claim of eligibility for earned time credits, relying upon the consecutive nature of his § 924(c) sentence component, is an issue that has been litigated repeatedly and unsuccessfully by other similarly-situated federal prisoners. To avoid reinventing the wheel, this court quotes the following, appropriate resolution of the same issue in a § 2241 petition filed by a prisoner in the Eastern District of Michigan:

> The FSA provides for time credits for prisoners who have successfully completed evidence-based recidivism reduction programs. See 18 U.S.C. § 3632(d)(4). Under the statute, however, a prisoner is ineligible to receive such time credits

4

if he or she "is serving a sentence for a conviction under" particular enumerated statutes, including 18 U.S.C. § 924(c). See 18 U.S.C. 3632(d)(4)(D)(xxii).

Petitioner maintains that, because his Section 924(c) sentence is ordered to run consecutive to his sentence for the other non-disqualifying offenses, he is not yet "serving" that 924(c) sentence and therefore is eligible to receive time credits. Federal courts have rejected this argument on the basis that consecutive and concurrent sentences must be treated as a single aggregate sentence.

The Court agrees with the reasoning of these courts and rejects Petitioner's argument. 18 U.S.C. § 3584(c) mandates that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." Thus, because Petitioner is in fact serving his Section 924(c) sentence as part of his "single, aggregate term of imprisonment," he is statutorily ineligible to receive FSA time credits and his Section 2241 petition must be denied.

Cortez v. Hemingway, No. 2:22-CV-12234, 2023 WL 4274957, at *2, 2023 U.S. Dist. LEXIS 112467, at *4 (E.D. Mich. June 29, 2023) (internal citations omitted). Accord Ledford v. LeMaster, No. 23-30-DLB, 2023 U.S. Dist. LEXIS 52677, at *6, 2023 WL 2905376, at *2-3 (E.D. Ky. Mar. 26, 2023); Dahda v. Hudson, No. 23-cv-3008-JWL, 2023 WL 2815920, at *1-2, 2023 U.S. Dist. LEXIS 38141, at *2-4 (D. Kan. Mar. 7, 2023); Giovinco v. Pullen, No. 3:22-cv-1515, 2023 WL 1928108, at *2-3, 2023 U.S. Dist. LEXIS 22810, at *5-9 (D. Conn. Feb. 10, 2023) ("BOP's interpretation of section 3632(d)(4)(D) is reasonable in light of its long-standing obligation to aggregate sentences for administrative purposes" (footnote omitted)), appeal filed, No. 23-251 (2d Cir. Feb. 27, 2023); Teed v. Warden, No. 1:22-CV-1568, 2023 WL 1768121, at *2-3, 2023 U.S. Dist. LEXIS 18963, at *5-7 (M.D. Pa. Feb. 3, 2023); Goodman v. Sage, No. 4:22-CV-00981,

2022 WL 18028148, at *3, 2022 U.S. Dist. LEXIS 233946, at *6-7 (M.D. Pa. Dec. 30, 2022) ("because [petitioner] is in fact serving his Section 924(c) sentence as part of his 'single, aggregate term of imprisonment,' he is statutorily ineligible to receive FSA time credits and his Section 2241 petition must be denied"); Frommie v. Federal Bur. of Prisons, 4:22-CV-04082, 2022 WL 18399537, at *2-5, 2022 U.S. Dist. LEXIS 236489, at *6-11 (D.S.D. Aug. 23, 2022), R&R adopted, 2022 WL 18399536, 2022 U.S. Dist. LEXIS 236490 (D.S.D. Nov. 30, 2022); Sok v. Eischen, No. 22-cv-458, 2022 WL 17156797, at *2-6, 2022 U.S. Dist. LEXIS 212513, at *6-15 (D. Minn. Oct. 26, 2022), R&R adopted, 2022 WL 17128929, 2022 U.S. Dist. LEXIS 212182 (D. Minn. Nov. 22, 2022).  Cf. Chambers v. Warden Lewisburg USP, 852 F. App'x 648, 650 (3d Cir. 2021) ("The BOP was permitted to aggregate [petitioner's] otherwise-consecutive sentences into a single unit for purely administrative purposes, such as - at issue here - calculating [good conduct time credits] under 18 U.S.C. § 3624.").

   Mr. Crawley is not entitled to any relief on his § 2241 petition at this time because the BOP has reasonably and correctly concluded that he is serving a single, aggregate sentence for armed robbery and his § 924(c) conviction, which disqualifies him from earning or applying any FSA time credits to any portion of his sentence.  See 18 U.S.C. § 3632(d)(4)(D)(xxii); see also id. § 3584(c) ("Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.").

6

Accordingly, the district judge should dismiss the petition and direct the clerk's office to enter judgment and close the case.

## Conclusion

For the foregoing reasons, the district judge should dismiss the petition and direct the clerk's office to enter judgment and close the case. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. The objection period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

                                                _____
                                                Andrea K. Johnstone
                                                United States Magistrate Judge

July 5, 2023

cc: Terence Crawley, pro se